UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-8195-WM

UNITED STATES OF AMERICA,

vs.

STEVEN JAMES KELLY,

Defendant.

_____/

FILED BY_____KJZ_____D.C.

Sep 18, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. -  West Palm Beach

## ORDER FINDING DEFENDANT INCOMPETENT TO PROCEED

**THIS CAUSE** came before the Court following a competency hearing regarding the competency of Defendant, Steven James Kelly ("Defendant").

### I.        Background

On May 27, 2020, Defendant was charged by way of Criminal Complaint [DE 1] with making a knowing and willful threat against the President of the United States or the President's successor, in violation of 18 U.S.C. § 871. Defendant appeared before the Court via Zoom video conference (VTC) for an Initial Appearance on May 29, 2020. Defense counsel made an oral motion for a competency evaluation at the Initial Appearance, and then, on the same date, filed a Request for Competency and Sanity Evaluation Pursuant to 18 U.S.C. §§ 4241 and 4242 [DE 5].

Upon defense counsel's motion, the Court's own observations of Defendant at the Initial Appearance, and the agreement of the Government, the Court granted defense counsel's request for a competency evaluation and tolled the speedy trial period in the interests of justice from May 29, 2020, the date of Defendant's initial appearance, through and including the date when the competency issue as to Defendant is resolved by the Court. [DE 9]. The Court later entered an Amended Order to ensure that the separate sanity evaluation be conducted confidentially and *ex parte* such that only defense counsel and the Court would be provided a copy of the sanity

evaluation. [DE 11].

On July 10, 2020, E.K. Carlton, Warden, FDC Miami, sent correspondence to the Court requesting additional time to complete the competency and sanity evaluation of Defendant. [DE 12]. The Court found good cause to grant the requested extension of time and gave Dr. Lisa Feldman until September 15, 2020, to complete the evaluation. [DE 13]. Dr. Feldman's evaluation and report were completed in a timely manner.

## II.  September 17, 2020 Competency Hearing

The Court held a competency hearing on September 17, 2020. Defendant was personally present in the Courtroom for the hearing, along with the undersigned, the Courtroom Deputy, Deputy U.S. Marshals, Courtroom Security Officers, and a court reporter. Counsel and witnesses appeared by Zoom VTC, which Defendant did not object to. During the hearing, Government counsel and defense counsel stipulated to admission of Dr. Lisa Feldman's August 18, 2020 Forensic Evaluation Regarding Competency to Proceed into evidence, which the Court admitted as the Court's Exhibit 1. Dr. Feldman testified as to the contents of her report, her course of treatment and evaluation of Defendant, and her diagnoses of Defendant. She performed a personality assessment inventory of Defendant and a clinical inventory which included Defendant's personal history, educational history, financial history, and medical history. She evaluated Defendant's competency to stand trial using the McArthur Evaluation tool. She testified that she also reviewed collateral criminal and medical records stemming from a 2017 State of Florida criminal case in which Defendant was found to be incompetent to stand trial.

She testified that Defendant's current mental status was impaired. According to Dr. Feldman, Defendant presented initially with apparent organized thoughts and could converse in a cooperative manner. However, when asked about the current charges, his demeanor changed, and he became delusional and agitated. He adamantly maintained his delusions and was unwilling to

appreciate another rationale. Ultimately, Dr. Feldman diagnosed Defendant with unspecified schizophrenia. When asked by the Court if Defendant was able to rationally understand the charges against him or if Defendant would be able to assist counsel in the preparation of his defense, Dr. Feldman stated that it was her opinion that he would not. Dr. Feldman testified that Defendant's delusional beliefs would impact his ability to consult with his defense lawyers because he is fixated on using this Courtroom as a platform to address his longstanding beliefs about the allegedly criminal acts taken against him and his family. She testified that Defendant does not have the ability to focus enough to address the charges against him.

Secret Service Agent Brennan Fortune also testified at the hearing. He testified that he encountered Defendant on May 27, 2020, after Defendant was "Baker-acted" to JFK Medical Center. He testified that Defendant appeared lucid and was well-kept. However, when the agent asked Defendant about the current charges, he became agitated and angry. He ripped his shirt off to show the agent scars from alleged gunshot wounds. He was cooperative, but profane. Agent Fortune also noticed that Defendant appeared delusional.

Defense counsel and Government counsel both agreed that Defendant should be found to be incompetent because his delusions go to the heart of the charges in this case. They noted that these delusions date back to at least 2017, when he was found to be incompetent in a State of Florida criminal case. This stipulation and agreement were in accord with Dr. Feldman's conclusion that Defendant is incompetent to proceed in this case. Dr. Feldman maintained her conclusion after watching Defendant testify at the Competency Hearing.

Further, the Court has carefully observed Defendant's demeanor and behavior at the Initial Appearance and at the Competency Hearing. Specifically, at the Competency Hearing, Defendant, after previously consulting with his attorney and being advised by the Court that he had the right to remain silent, testified regarding the alleged genocide of generations of his family and the sexual

cannibalization of his sons and attempted sexual cannibalization of his two step-grandsons, all of whom he has no contact with. The factual bases of these statements were investigated to a degree by Dr. Feldman and Agent Fortune, who both found them to be without evidence. Defendant stated that his only proof was his scars, adoption records, and a death certificate.

The Court took judicial notice of the Criminal Complaint and Affidavit [DE 1] in this case, as well as Defendant's *pro se* letters to the Court at DEs 15 and 16, which further evidence Defendant's delusions and incompetency. The Court also took judicial notice of five civil cases which Defendant initiated *pro se*, all of which have been dismissed. Those five cases, 17-cv-23927-Moore; 17-cv-24187-Cooke; 17-cv-24734-Cooke; 18-cv-20002; and 17-cv-10072-King, all further evidence Defendant's incoherent, rambling behavior and his incompetency.

Defendant also testified, and the Court carefully observed his demeanor. The Defendant was delusional, disjointed, and made little sense.

It is clear to this Court that Defendant cannot understand the proceedings against him and cannot effectively consult with his counsel or assist in his defense. It is clear to the Court that Defendant is mentally incompetent as defined in 18 U.S.C. 4241(d).

### III.   <u>Discussion of Applicable Law</u>

The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the Government from prosecuting defendants who are incompetent. *See* U.S. Const. Amend. V; *Drope v. Missouri*, 420 U.S. 162, 171 (1975) ("It has long been accepted that a person whose mental condition is such that he lacks capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."). The Eleventh Circuit has stated that "[f]or a defendant to be competent to stand trial, he must have 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . and have a rational as well as factual understanding of the

proceedings against him.'" *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005) (quoting

*Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995)).   Pursuant to 18 U.S.C. § 4241(d), [1]

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

The preponderance of the evidence standard requires the factfinder to find "that the existence of

[the] fact is more probable than its nonexistence."   *In re Winship*, 397 U.S. 358, 371 (1970).

According to the Eleventh Circuit, a court is required to hold a competency hearing

whenever there is a "bona fide doubt" as to the defendant's competence. *Rahim*, 431 F.3d at 759.

In making a competency determination, the Court may consider a number of factors, including the

defendant's behavior in the courtroom, evidence of irrational behavior, and any prior medical

opinions as to competence. *Drope*, 420 U.S. at 180. Similarly, the Eleventh Circuit has permitted

the Court to consider a defendant's behavior and statements in open court, letters drafted by the

defendant, and previous psychological evaluations. *See Rahim*, 431 F.3d at 759.

Here, upon an independent review of the facts, the governing law, the Forensic Evaluation

Regarding Competency to Proceed of Dr. Lisa Feldman, the testimony of Dr. Feldman, the

testimony of Agent Fortune, the testimony of Defendant, the Court's observations of Defendant in

the courtroom, the stipulations and agreements of Government counsel and defense counsel, the

materials of which this Court took judicial notice, the prior determination of Defendant's

incompetency referenced in Dr. Feldman's report, and the totality of the circumstances, the Court

---

[1] *See also* 18 U.S.C. § 4241(a) (providing the court shall grant a motion for a competency hearing, or shall order such a hearing sua sponte, where "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.")

finds by a preponderance of the evidence that Defendant is currently incompetent to proceed with the judicial process pursuant to 18 U.S.C. § 4241(d). The Court finds that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Pursuant to the agreement of the parties, the findings of the Court, and 18 U.S.C. § 4241(d), it is **ORDERED:**

1. Defendant be committed to the custody and care of the Attorney General to be hospitalized for treatment in a suitable facility for such a reasonable time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward. The Court directs that Defendant be placed into a Federal Medical Facility as soon as possible.

2. The statutory time period provided in 18 U.S.C. § 4241(d)(1) shall not commence until the day Defendant arrives at the facility for evaluation and treatment;

3. At any time during treatment, but no later than three months after Defendant's arrival at the treatment facility, the Director shall take the following action:

   a. If the director of the facility in which Defendant is hospitalized, pursuant to this order, needs an additional reasonable period of time for Defendant's mental condition to improve, the director shall submit a request and report to this Court, with copies to counsel of record, supporting a finding that there is a substantial probability that within such additional period of time Defendant will attain the capacity to permit the proceedings to go forward; or

   b. if the director of the facility in which Defendant is hospitalized, pursuant to this

order, determines that Defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, he shall promptly prepare a report and file a certificate to that effect with the Clerk of the United States District Court for the Southern District of Florida. The Clerk shall send a copy of the certificate to Defendant's counsel and to the attorney for the Government. This Court shall hold a hearing, pursuant to the provisions of Section 4247(d), to determine the competency of Defendant; or

c.  If the Director of the facility at which Defendant is hospitalized is of the opinion that Defendant cannot be restored to competency as per the statute, then the director shall submit his report in that regard and, consistent with the provisions of 18 U.S.C. § 4246(a), further evaluate Defendant and issue an opinion whether he suffers from "a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another."

Finally, the Court finds that the period of time between Defendant's Initial Appearance on May 29, 2020, and any subsequent judicial proceeding to determine the mental competency of Defendant shall be deemed excludable under the Speedy Trial Act. The speedy trial period is tolled during this period. This Court finds that the ends of justice served by taking such action outweigh the best interest in the public and the defendant in a speedy trial.

**DONE and ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 18th day of September 2020.

William Matthewman

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

7